(February 26, 1998)

■ In the Matter of GERARD DiROBERTO et al., Appellants, v ANTHONY NAPOLI et al., Respondents. [669 NYS2d 609] —In a proceeding, *inter alia,* pursuant to Election Law § 16-102 to invalidate the certificates nominating Anthony Napoli and Rico Dos Anjos as candidates of the Conservative Party of the Town of Rye/Village of Port Chester for the public office of Village Trustee of the Village of Port Chester, in an election to be held on March 17, 1998, and to direct that a new Conservative Party caucus be held to nominate two candidates for that public office, the petitioners appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered February 10, 1998, which, *inter alia,* denied that branch of the petition which was to direct a new Conservative Party caucus.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the petition is granted to the extent that the certificates of nomination filed on behalf of Anthony Napoli and Rico Dos Anjos as candidates of the Conservative Party for the public office of Village Trustee of the Village of Port Chester in an election to be held on March 17, 1998, are invalidated, and a new caucus is ordered to be held on or before March 12, 1998.

We agree with the petitioners that by utilizing the slate method of voting, i.e., by requiring the members of the respondent Conservative Party of the Town of Rye/Village of Port Chester to vote for a slate containing the names of two candidates, and not permitting members to vote for any two individual candidates, the party deprived its members of their right to select the two individual candidates of their choice (*see, Matter of Hopper v Britt*, 204 NY 524). Accordingly, we direct that a new caucus be held on or before March 12, 1998, at which the participating members will be permitted to cast two votes for any two individual candidates. Only registered Conservatives who are voters eligible to vote in the election on March 17, 1998, may participate in the caucus (*see*, Election Law § 15-108 [2] [d]).

In light of the foregoing, we need not reach the petitioners' claim regarding the unopened ballots. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.